NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter.  Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| CRAIG SNOOK, | Court of Appeals No. A-12184 |
| Appellant, | Trial Court No. 3AN-14-1174 CR |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Appellee. | No. 2565 — September 1, 2017 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael R. Spaan, Judge.

Appearances:  Doug Miller, Law Office of Douglas S. Miller, Anchorage, for the Appellant.  Terisia K. Chleborad, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before:  Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge MANNHEIMER.

On the evening of February 2, 2014, an Anchorage police officer saw a vehicle "fishtail" as the driver made a turn from Arctic Boulevard east onto Fireweed Lane.  As the driver made the turn, the rear end of the vehicle slid into the adjacent lane.

The driver immediately corrected the vehicle, but the officer decided to make a traffic stop.

Craig Snook, a convicted felon, was a passenger in this vehicle. During the traffic stop, the officer discovered that Snook was in possession of a concealable firearm and metal knuckles. In addition, Snook gave a false name to the officer.

Based on this incident, Snook was charged with — and ultimately convicted of — third- and fourth-degree weapons misconduct, as well as giving false information to a police officer.

Before trial, Snook's attorney filed a motion arguing that the traffic stop was unlawful, and that therefore the evidence against Snook should be suppressed. The superior court denied this motion, and Snook renews his claim on appeal.

The superior court found that the traffic stop was justified under § 09.22.030.B of the Anchorage Municipal Code. This ordinance reads:

> *Starting Parked or Stopped Vehicle.*
>
> . . .
>
> B.  No person may accelerate a vehicle which is stopped, standing or parked on or along a street, or which is entering a street, so rapidly as to unnecessarily cause the tires to squeal or spin on the street, or on the surface on which the vehicle is standing immediately before it enters the street, or in a manner which causes the driver to lose control of the vehicle or causes the vehicle to "fishtail."

The superior court acknowledged that the State presented no evidence that the vehicle accelerated from a "stopped, standing, or parked" position. However, the superior court ruled that when the driver of the vehicle made the turn from Arctic Boulevard onto Fireweed Lane, the driver "entered a street" (*i.e.*, Fireweed Lane) within

the meaning of this ordinance, and thus the ensuing fishtailing was a violation of the ordinance.

We disagree with the superior court's interpretation of the ordinance's phrase "entering a street". As we are about to explain, the ordinance is directed toward vehicles that enter a street from an off-street location — for example, from a parking lot or a driveway.

We acknowledge that the ordinance is worded somewhat confusingly; the text consists of a single, convoluted sentence. But when this sentence is parsed, we see that the ordinance specifies four circumstances in which a driver is forbidden from "accelerat[ing] a vehicle" in a manner that leads to the driver's losing control of the vehicle, or to the vehicle's fishtailing, or even to unnecessary squealing or spinning of the vehicle's tires.

The four specified circumstances in which a driver is prohibited from accelerating in this manner are (1) when the vehicle is "stopped" on or along a street, (2) when the vehicle is "standing" on or along a street, (3) when the vehicle is "parked" on or along a street, or (4) when the vehicle is "entering a street".

The first three of these circumstances clearly deal with vehicles that are not moving in traffic — situations where a driver accelerates a non-moving vehicle so as to enter the flow of traffic. The fourth circumstance mentioned in the ordinance, when a vehicle is "entering a street", is more ambiguous. But under the principle of *ejusdem generis*, when a statute or ordinance contains a list of things, actions, or circumstances, a court will interpret any individual member of that list by looking to the other members of the list, so as to preserve the common unifying principle. [1]

_____

[1]    *See Sapp v. State*, 379 P.3d 1000, 1002 (Alaska App. 2016).

Here, the common unifying principle appears to be the regulation of drivers who are about to accelerate a vehicle that is standing still, so that they can enter the flow of traffic on a street. Accordingly, we construe the phrase "entering a street" as meaning entering a street from an off-street location such as a parking lot or driveway.

This interpretation is bolstered by another clause of the ordinance — the clause that speaks of acceleration that causes a vehicle's tires "to [unnecessarily] squeal or spin on the street, or *on the surface on which the vehicle is standing immediately before it enters the street*". Here, the phrase "enters the street" clearly refers to vehicles that are entering a street from a "standing" position — *i.e.*, vehicles that are essentially stationary and are about to enter the flow of traffic from an off-street location.

Because the ordinance uses the phrase "enters the street" in this particular sense when the ordinance speaks of acceleration that causes unnecessary squealing or spinning of tires, we presume that the ordinance means the same thing when it speaks of acceleration that causes a driver to lose control of their vehicle, or that causes the vehicle to fishtail, when the vehicle "is entering a street". In other words, we presume that the ordinance is again speaking of vehicles that are essentially stationary and are about to enter the flow of traffic from an off-street location.

This is an application of the principle of *noscitur a sociis* — the principle that "where the meaning of a word is unclear in one part of a statute but clear in another part, the clear meaning can be imparted to the unclear usage on the assumption that the word means the same thing throughout the statute." *Dawson v. State*, 264 P.3d 851, 858 (Alaska App. 2011).[2]

We also note that this interpretation of the ordinance is consistent with its title, "Starting Parked or Stopped Vehicle".

---

[2] Quoting Norman J. Singer, *Sutherland's Statutes and Statutory Construction* (Seventh edition, 2007 revision), § 47.16, Vol. 2A, pp. 356-57.

(On the record currently before us, we do not know whether the Anchorage Municipal Assembly expressly enacted this title when it enacted the ordinance — for, under Anchorage Municipal Code § 01.05.070.B.2, it is the duty of the municipal attorney to provide the wording for all section and subsection titles in the Anchorage Municipal Code. If the municipal attorney wrote the title for § 09.22.030.B without consulting the municipal assembly, then the title of the ordinance would not reflect the assembly's intention. But even in that case, the title would reflect the interpretation given to the ordinance by the municipality's chief law enforcement officer.)

For all of these reasons, we conclude that when Anchorage Municipal Code § 09.22.030.B speaks of a vehicle that "is entering a street", the ordinance is speaking of vehicles that are entering a street from an off-street location such as a parking lot or driveway, and not vehicles that are already moving in traffic and are making a turn from one street onto another.

Accordingly, the ordinance did not authorize the traffic stop that occurred in Snook's case, and the superior court should have granted Snook's motion to suppress.

The judgement of the superior court is REVERSED.